IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER HAWES | § | |
| v. | § | CIVIL ACTION NO. 6:16cv442 |
| WILLIAM STEPHENS, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

The Plaintiff Roger Hawes, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are TDCJ-CID Director William Stephens, TDCJ Executive Director Brad Livingston, and Michael Unit practice manager Pam Pace.

Hawes contends that he has been deprived of money in that a $100.00 medical co-pay was garnished from his TDCJ-CID trust account. Hawes asserts that his sole source of income comes from veterans benefits, which he states are exempt from garnishment under 38 U.S.C. §5301.

The Defendant Pam Pace has filed a motion to dismiss and amended motion to dismiss invoking qualified and Eleventh Amendment immunity and arguing that she lacked personal involvement. The Defendants Stephens and Livingston filed a motion to dismiss and amended motion to dismiss claiming that Hawes failed to exhaust his administrative remedies against them, Hawes' claims against them are wholly conclusory, there is no supervisory liability under §1983, they had no personal involvement, and they are entitled to qualified and Eleventh Amendment immunity. Hawes filed responses to the motions to dismiss.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the Defendants' motions to dismiss be denied. No objections to the Report were filed; accordingly, the parties are barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 30) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motions to dismiss and amended motions to dismiss (docket no.'s 17, 18, 21, 26, and 27) are **DENIED**. It is further

**ORDERED** that the Defendant Pamela Pace having already filed an answer, the Defendants William Stephens and Brad Livingston shall have 30 days from the date of entry of this order in which to answer the lawsuit or otherwise plead. It is further

**ORDERED** that all of the deadlines in the Court's scheduling order (docket no. 14) shall commence to run as of the date of filing of the Defendants Stephens and Livingston's answer.

So **ORDERED** and **SIGNED** this **22** day of **August, 2017.**

_____
Ron Clark, United States District Judge