IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER HAWES, #1686724 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv442 (Consolidated w/ 6:16cv1313) |
| WILLIAM STEPHENS, ET AL. | § | |

ORDER

Plaintiff Roger Hawes, a prisoner confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil lawsuit. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that Mr. Hawes' motion for a temporary injunction and restraining order (Dkt. #32) should be denied. (Dkt. #35). Mr. Hawes has filed objections. (Dkt. #40).

Mr. Hawes' motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted,

1

(3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

In his objections, Mr. Hawes complains that the Texas Department of Criminal Justice does not have any intention of following 38 U.S.C. § 5301, and refrain from withdrawing money from his inmate trust fund account. Mr. Hawes states that he believes the TDCJ will collect the $100 annual health care fee if he requires medical attention. *See, Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014). He states that such an event would interfere with his ability to purchases items at the unit commissary. Mr. Hawes states that the Report and Recommendation focuses only on the potential monetary award of damages but disregards his personal suffering while this case is pending.

In his objections, Mr. Hawes fails to clearly demonstrate that he will prevail on the merits of his claims contained in his original complaint. Secondly, he did not clearly demonstrate that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. As noted by the Magistrate Judge, monetary losses are not sufficient to satisfy the irreparable injury element required for obtaining a preliminary injunction. *Bluefield Water Ass'n, Inc. v. City*

*of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009). Thirdly, he did not clearly show that the threatened injury outweighs the harm of an injunction to the nonmovant. Finally, he did not clearly show that the temporary restraining order and/or preliminary injunction would not disserve the public interest. Mr. Hawes fails to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order or preliminary injunction.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Hawes, the Court finds that the findings and conclusions of the Magistrate Judge are correct and that Mr. Hawes' objections are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the Report and Recommendation (Dkt. #35) is **ADOPTED**. It is further

**ORDERED** that the Plaintiff's motion for temporary injunction and restraining order (Dkt. #32) is **DENIED**.

**So Ordered and Signed**
**Nov 4, 2017**

_____
Ron Clark, United States District Judge