IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER HAWES, #712549 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv442 |
| | | (Consolidated with 6:16cv1313) |
| WILLIAM STEPHENS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Roger Hawes, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The parties filed cross-motions for summary judgment. The complaint and the motions were referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #91) concluding that the Defendants' motions for summary judgment should be granted and the case should be dismissed. Mr. Hawes has filed objections (Dkt. #97).

Facts of the Case

The original complaint was filed on May 18, 2016. (Dkt. #1). Mr. Hawes' amended complaint, the operative pleading in this case, was filed on November 21, 2016. (Dkt. #24). Mr. Hawes' claims arose from the December 11, 2015, collection of a $100.00 annual, medical co-payment from his Inmate Trust Fund Account (ITFA) by the Texas Department of Criminal Justice (TDCJ). He alleged that the monies in his ITFA are derived from Veterans' Administration (VA) benefits. Mr. Hawes claims that the money in his ITFA are exempt from levy or garnishment under federal law pursuant to Title 38 U.S.C. § 5301.

Mr. Hawes stated that in December 2015, he was deprived of $100.00 pursuant to Tex. Gov't Code § 501.104, which provides for a $100.00 annual, medical co-payment from inmates. He asserted that his sole source of income is from VA benefits. As a result, Mr. Hawes asserted that he suffered financial hardship and emotional distress, including being deprived of the ability to purchase items necessary to supplement his diet, observe religious holy days, and maintain personal hygiene. He complained that Defendants Stephens and Livingston failed to implement institutional policies to identify prisoners who received funds which were exempt from levy or garnishment, and that Defendant Pace failed to properly and thoroughly investigate his grievances.

Mr. Hawes also complained that he filed grievances but that the TDCJ grievance process is grossly inadequate and fails to provide any meaningful resolution of prisoner grievances. He asserted that no meaningful investigation is conducted and that the grievance process denied him due process because it "virtually precludes access to any recourse due to financial hardships and burdens."

Furthermore, Mr. Hawes asserted that Defendants engaged in a conspiracy to convert funds belonging to him and have, thereby, committed theft. He theorized that Livingston and Stephens have budgetary responsibility for TDCJ and, as such, they derived a "personal benefit" from unlawfully transferring Mr. Hawes' money in that they received houses, salaries, and other benefits from the agency based on their fiscal performance. Mr. Hawes argued that the theft of his property violated federal law because it involved property transferred through the mail or through federal wire transfer of U.S. Treasury funds.

Mr. Hawes claimed that Defendant Pace has a duty to investigate grievances concerning medical issues, but in December 2015, she disregarded this duty and "subjected plaintiff to a prolonged process to recover his property for the medical co-payment she personally imposed upon him for medical services rendered." She disregarded 38 U.S.C. § 5301 and relied instead on Tex. Gov't Code. § 501.014, causing him to suffer financial hardship and emotional distress. He also stated that he has been unable to obtain medical care because he cannot afford to be subjected to any additional medical fees or prolonged deprivation of his VA benefits. Mr. Hawes stated that Defendant Pace was previously sued in state court for wrongly confiscating funds but did not indicate the outcome of this state lawsuit. He further stated that Pace's administrative duties include authorizing the deductions of medical co-payments or the return of wrongfully confiscated funds and that Pace failed to identify the source of funds in his account before taking them.

Mr. Hawes requested that Livingston and Stephens or their agents be (1) ordered to stop taking money from Mr. Hawes' account until it is established that he has another source of income; (2) that TDCJ be ordered to create a policy and plan to identify prisoners who receive VA benefits and exempt those funds from levy or garnishment; and (3) that third-party oversight of prisoner grievances by an independent review committee be established. Mr. Hawes requested declaratory relief, restoration of his $100.00, and compensatory damages of $2,000.00.

<u>Report and Recommendation</u>

After a review of the pleadings, each parties' summary judgment motions and responses, and the competent summary judgment evidence, Judge Love concluded that the

funds from Mr. Hawes' Altra Federal Credit Union Account that were deposited into his ITFA were not protected by 38 U.S.C. § 5301. After applying the look-back method of 31 C.F.R. § 212 to Mr. Hawes' ITFA, Judge Love found that not all monies in Mr. Hawes' ITFA were protected funds at the time of the collection of the $100.00 co-payment by TDCJ. Judge Love also found that TDCJ had a procedure in place to identify VA benefits deposited into Inmate Trust Fund Accounts so that certain funds were protected.

Judge Love concluded that Mr. Hawes' due process rights were not violated as TDCJ had given him proper notice of the annual, medical co-payment. *See Morris v. Livingston*, 739 F.3d 740 749-50 (5th Cir.), *cert denied*, 134 S. Ct. 2734 (2014). The Magistrate Judge also determined that $177.81 in Mr. Hawes' ITFA was not shielded by 38 U.S.C. § 5301at the time the $100.00 annual medical co-payment was collected; thus, no due process violation occurred. Judge Love concluded that 31 C.F.R. § 212 does not create a private cause of action, and thus, an institution cannot be sued for an alleged due process violation for failing to strictly comply with the notice requirements of the Regulation. Judge Love also determined that TDCJ was not a "financial institution" as defined by 31 C.F.R. § 212.

Moreover, Judge Love also found that Mr. Hawes' failed to establish the necessary elements of his due process, conspiracy, theft, mail and wire fraud, denial of grievances, and inadequate grievance system claims. Judge Love determined that the Defendants were entitled to qualified immunity in their individual capacities. Judge Love concluded that Defendants' motions for summary judgment should be granted and that Mr. Hawes' cross-motions for summary judgment should be denied. Judge Love ultimately recommended that Mr. Hawes' complaint should be dismissed. Mr. Hawes has filed objections.

Objections

Mr. Hawes first complains that the Magistrate Judge erred in relying on *Purvis v. Crosby*, 2006 WL 1836034 (N.D. Fla. June 30, 2006), asserting that *Purvis* conflicts with the plain language of 38 U.S.C. § 5301(a). Upon reviewing the Report, there is no indication that the Magistrate Judge actually relied on *Purvis* in reaching his conclusions. There are two instances in which the Magistrate Judge sets out the Defendants' argument pertaining to *Purvis* in the Report but there is no conclusion or recommendation set out by the Magistrate Judge attributable to *Purvis*. This objection is not sustained.

Mr. Hawes challenges the findings that: (1) monies deposited from an outside account into his ITFA are not exempted from garnishment; and (2) that monies from VA benefits direct-deposited into his ITFA lose their exempt status after an approximate 60-day time period. The Magistrate Judge clearly stated that he relied on Title 31 C.F.R. Part 212 in reaching his conclusions and recommendations regarding these issues. Mr. Hawes is correct that the language contained in 38 U.S.C. § 5301(a) is not necessarily reflected in 31 C.F.R. § 212; however, the federal regulation provides instruction as to how money will be garnished from an account containing monies protected by 38 U.S.C. § 5301(a), such as, VA benefits.

In his Objections, Mr. Hawes is now challenging the application of 31 C.F.R. § 212 to the facts of his case by claiming that the federal regulation's language or procedures are inapposite to the language or intent of 38 U.S.C. § 5301(a). That objection is foreclosed. Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). The Magistrate Judge issued an Order (Dkt.

#69) on August 8, 2018, placing the parties on notice of the Magistrate Judge's intention to apply 31 C.F.R § 212 to this case and instructing the parties to re-brief their factual and legal arguments in light of the federal regulations. If Mr. Hawes had an objection to the application of 31 C.F.R. § 212 to the facts or legal arguments pertaining to his case, that objection should have been raised in his response to the Order. In his Second Motion for Summary Judgment (Dkt. #74)—his putative response to the Order—Mr. Hawes raises a due process argument under 31 C.F.R. § 212 but neither challenges the Magistrate Judge's intention to apply the federal regulation, nor raises any argument claiming that the federal regulation is inapposite to the statute. This objection is overruled.

For purposes of his 31 C.F.R. § 212 due process argument, Mr. Hawes objects that the Magistrate Judge found that TDCJ is not a financial institution. Mr. Hawes contends that the Magistrate Judge cannot apply the federal regulation to his case in the absence of finding that TDCJ is a financial institution. These two issues are not synonymous. The purpose of 31 C.F.R. § 212 is to provide guidelines for when a garnishment order is received for an account into which federal benefit payments have been directly deposited. (Dkt. #69, p. 15). Since Mr. Hawes' VA benefits were directly deposited into his ITFA, 31 C.F.R. § 212 is applicable to determine which monies are protected and not subject to garnishment, levy or other legal process.

Moreover, 31 C.F.R. § 212 defines "financial institution" as "a bank, savings association, credit union, or other entity charged under Federal or State law to engage in the business of banking." (Dkt. #69, p.16). Mr. Hawes failed to present any summary judgment evidence that TDCJ is or was engaged in the "business of banking." Mr. Hawes does cite to

Texas Government Code § 493.0087(a) regarding where TDCJ may hold funds and the types of funds that TDCJ may hold on behalf of an inmate. (Dkt. #97, p. 8). The state statute does not acknowledge or give authority to TDCJ to "engage in the business of banking." Mr. Hawes' objection is overruled.

Mr. Hawes challenges the conclusion that the only funds directly deposited by the U.S. Treasury on behalf of a benefit agency are protected. Mr. Hawes raises the objection several times; more specifically, his objections concern the funds deposited from his Altra Federal Credit Union account. In the Guidelines to 31 C.F.R. § 212, a benefit payment is defined as "a federal benefit payment paid by direct deposit to an account." (Dkt. #69, p. 16). Title 31 C.F.R. § 212.5(c) specifically uses the language "a benefit agency deposit[ing] a benefit payment into the account." (Dkt. #69, p. 6). The Guidelines to 31 C.F.R. § 212 also states that "these guidelines apply only to Federal benefits paid electronically via the ACH [Automated Clearing House]. Financial institutions are not responsible for examining accounts to identify Federal benefits paid by Treasury check." (Dkt. #69, p. 16). The plain meaning of the language of the Regulation and the Guidelines reflect that a payment made by an entity other than the benefit agency does not qualify for protection <u>and</u> if the funds are not direct-deposited by the benefit agency, the funds are not protected. This objection is overruled.

Mr. Hawes advocates that all funds deposited into his ITFA should be protected; including the funds transferred by Mr. Hawes from his outside Altra Federal Credit Union (FCU) account, by check, to his ITFA. In his motions for summary judgment, Mr. Hawes asserted that all funds in his Altra FCU account were solely from VA benefit deposits; and thus, protected from garnishment. Mr. Hawes did attach an affidavit, Exhibit F to his Second

Motion for Summary Judgment (Dkt. #74-1, pp. 67-68), and a copy of an unsigned letter, dated August 23, 2016, addressed to "Whom it may concern," with a stamped name and address of Altra Federal Credit Union and a notary stamp at the bottom—as Exhibit F to his Partial Motion for Summary Judgment (Dkt. #48-6) and as Exhibit B to his Second Motion for Summary Judgment. (Dkt. #74-1, p. 7). The affidavit and the unsigned letter purport to address the nature of his deposits from his Altra FCU account to his ITFA. While there are some evidentiary issues with his summary judgment evidence on this point, the true issue is whether the deposits from the Altra FCU are protected from garnishment in the ITFA once the regulations of 31 C.F.R. § 212 are applied. The answer is no. The plain language of 31 C.F.R. § 212 is clear that only funds which are direct deposited by the benefit agency into the subject account are protected. Mr. Hawes' objection is overruled.

Mr. Hawes also challenges the Magistrate Judge's application of the look-back method to his ITFA. Mr. Hawes complains that the Magistrate Judge did not consider his commissary purchase of $78.65 that was entered on December 11, 2015, when applying the look-back method. The Magistrate Judge explained: "Using the look-back method as described in the Guidelines to 31 C.F.R. § 212, and treating the December 11, 2015, $100.00 medical co-payment fee as the date of the triggering garnishment order, the preceding date to December 11, 2015 is December 10, 2015." (Dkt. #91, p. 25). As the commissary purchase was dated December 11, 2015, the Magistrate Judge did not err in stating that on December 10, 2015, Mr. Hawes had an account balance of $444.12 (Dkt. #88-1, p. 5). The court does not find that the Magistrate Judge incorrectly applied the look-back method as described in the Guidelines to 31 C.F.R. § 212. Mr. Hawes' objection is overruled.

Mr. Hawes raises for the first time Administrative Directive 06.08—purportedly a TDCJ policy regarding the collection of funds from inmate trust fund accounts. He complains that the Magistrate Judge did not take this policy into consideration when applying the look-back method of 31 C.F.R. § 212 and reaching a conclusion as to what funds where available after the exempted amount was determined. First, the Magistrate Judge was not required to examine how a state policy applied in this circumstance as the discussion concerns the application of a federal regulation to federal statutory law. Secondly, this objection is foreclosed. As mentioned, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the district court. *Armstrong*, 951 F.2d at 630; *Cupit*, 28 F.3d at 535 n.5. This objection is without merit.

Mr. Hawes complains that he disagrees with the Magistrate Judge's analysis regarding his due process claims. Mr. Hawes cites a death penalty habeas corpus case, *Rivera v. Quarterman*, 505 F.3d 349 (2007), regarding how much meaningful due process he should have received pertaining to the deprivation of his monies. He further complains that the inmate grievance system does not provide adequate due process.

Not every situation calls for a predeprivation hearing. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). A state actor's unauthorized deprivation of an inmate's prison account funds—be it negligent or intentional—"does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Because

Mr. Hawes was afforded an adequate post-deprivation remedy for the collection of the $100.00 medical co-payment from his inmate trust account, no actionable violation of his due process rights has occurred. Although Mr. Hawes is dissatisfied with the response he received from his grievances, his due process rights were still not violated. This objection is overruled.

Conclusion

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Hawes to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Hawes' objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** **March 19, 2019.**

_____
Ron Clark, Senior District Judge